UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM A. KENLEY, JR., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.  4:02CV1551 FRB |
| | ) | |
| TARGET CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Presently pending before the Court is plaintiffs William A. Kenley, Jr., and Gail L. Kenley's Motion for New Trial (filed February 7, 2005/Docket No. 79).  All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

William A. Kenley, Jr., and his spouse Gail L. Kenley brought this action alleging that defendant Target Corporation sold a defective candle holder which ignited and set fire to plaintiffs' home, resulting in physical injury to plaintiff William A. Kenley, Jr., loss of consortium to plaintiff Gail L. Kenley, and damage to the real and personal property of both plaintiffs.  The matter was tried to a jury which, on January 26, 2005, returned a verdict assessing defendant Target Corporation's fault in such action at zero percent (0%) and assessing plaintiffs' fault, in toto, at 100 percent (100%).  Judgment reflecting the jury's verdict was entered that same date.

Plaintiffs now move for a new trial arguing that the Court 1) erred in permitting defendant Target to introduce expert testimony relating to the ignition of the candle holder; 2) erred in prohibiting plaintiffs from introducing evidence relating to other complaints made to Target regarding candle holder ignition events; and 3) erred in its instructions to the jury. Plaintiffs also contend that the verdict was against the greater weight of the evidence and is not supported by law. Defendant has responded to the motion.

> Federal Rules of Civil Procedure 59 confirms the trial court's historic power to grant a new trial based on its appraisal of the fairness of the trial and the reliability of the jury's verdict. . . . A new trial is appropriate when the first trial, through a verdict against the weight of the evidence, an excessive damage award, or legal errors at trial, resulted in a miscarriage of justice.

Gray v. Bicknell, 86 F.3d 1472, 1480 (8th Cir. 1996) (citations omitted).

The determination to grant a new trial rests within the discretion of the trial court. Id. (citing Citizens Bank ov Batesville, Ark. v. Ford Motor Co., 16 F.3d 965, 967 (8th Cir. 1994)). When addressing a motion for new trial, the Court can "weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict." White v. Pence, 961 F.2d 776, 780 (8th Cir. 1992). Although the Court has discretion to set aside the jury verdict and grant a new trial, it

"may not do so merely because it believes that the evidence permitted different inferences or that another result would be more reasonable." Blake v. J.C. Penney Co., 894 F.2d 274, 281 (8th Cir. 1990). Instead, "the court must conclude that the jury reached a seriously erroneous result and must state its reasons for this belief." Id. The Court's ultimate inquiry is whether the first trial resulted in a miscarriage of justice. White, 961 F.2d at 780.

A. Expert Testimony

Prior to trial, defendant Target identified Clifford Bigelow as an expert witness to offer testimony relating to the ignition point of the candle holder at issue and whether the candle holder could ignite from a tea flame present within the holder itself. In their motions in limine filed January 13, 2005, plaintiffs argued that the testimony of Mr. Bigelow was irrelevant and unreliable and thus inadmissible under the gatekeeping analysis of Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), and Kuhmo Tire Co., Ltd. v. Carmichael, 526 U.S. 137 (1999). On January 24, 2005, prior to the commencement of the trial in the cause, the Court conducted a two-hour Daubert hearing at which Mr. Bigelow testified and was subject to cross examination. After recessing to consider plaintiffs' motion and the evidence and arguments submitted, the undersigned reconvened court at which time the Court entered its findings and conclusions

into the record denying plaintiffs' motion to bar Mr. Bigelow's expert testimony. Contrary to plaintiffs' contention, the Court entered its specific findings into the record in its oral ruling of plaintiffs' motion. Upon review of the claims raised and the record in this cause, the undersigned determines the Court's previous ruling to permit Mr. Bigelow's expert testimony not to be in error for the reasons previously stated on the record.

To the extent plaintiffs argue that the Court erred in permitting Mr. Bigelow to testify to matters outside the conclusions presented in his written report, a review of the challenged testimony shows Mr. Bigelow not to have testified to such extraneous matters and indeed to have confined his testimony to the opinions previously rendered. Indeed, a reading of plaintiffs' claim here appears to show them to complain that Mr. Bigelow did not limit his testimony to the exact phraseology used in his report, but rather described his same conclusions in other terms. Upon review of the record, the undersigned determines that the manner by which Mr. Bigelow testified as to his conclusions did not constitute an error resulting in a miscarriage of justice, and plaintiffs' claim otherwise should be denied.

B. Other Complaints to Target

Prior to trial, plaintiff sought leave of Court to introduce into evidence certain of defendant's answers to interrogatories wherein defendant stated that it had received other

complaints of candle holders igniting. Following a hearing on all pretrial motions, the Court denied plaintiffs' request, stating on the record its reasons therefor, including, <u>inter</u> <u>alia</u>, that there was insufficient information as to whether the complaints were related to the issues in the instant case, that there was no factual information available as to the circumstances underlying the other complaints, and that the prejudicial effect of admitting evidence of such other complaints outweighed the probative value of such admission. Upon review of the claims raised and the record in this cause, the undersigned determines the Court's previous ruling not to be in error for the reasons previously stated on the record.

C.  <u>Jury Instructions</u>

Plaintiffs claim the Court erred in submitting to the jury Instruction No. 14, arguing that such instruction "falsely assumed plaintiff William Kenley 'used' the candleholder on the day of the fire." (Pltfs.' Mot. for New Trial, at p. 3.) Plaintiffs also claim the Court erred in submitting Instruction Nos. 14 and 15 to the jury inasmuch as such instructions improperly put the issue of, plaintiffs contend, "contributory fault" to the jury, arguing that the State of Missouri had previously abolished contributory fault. (<u>Id.</u>)

First and foremost, the undersigned notes that the parties were provided the opportunity to object on the record and out of the jury's hearing to the proposed instructions before such

instructions and counsel's closing arguments were delivered to the jury. See Fed. R. Civ. P. 51(b). A review of the record shows, however, that at no time prior to the jury retiring to consider its verdict did plaintiffs raise the instant objections to Instruction Nos. 14 and 15. Fed. R. Civ. P. 51(c). As such, those claims are waived and will not be considered by the Court. See Jones Truck Lines, Inc. v. Full Serv. Leasing Corp., 83 F.3d 253, 256 (8th Cir. 1996); Barton v. Columbia Mut. Cas. Ins. Co., 930 F.2d 1337, 1340-41 (8th Cir. 1991); McKnelly v. Sperry Corp., 642 F.2d 1101, 1108 (8th Cir. 1981).

Although plaintiffs do not contend that the Court plainly erred in giving such instructions, the undersigned has reviewed the instructions as given and determines Instruction Nos. 14 and 15 to be accurate statements of the law based upon the evidence adduced at the trial of the cause.[1] The Court thus determines plaintiffs' substantial rights not to have been affected by Instruction Nos. 14 and 15, and thus that no plain error occurred in their submission to the jury. See Fed. R. Civ. P. 51(d)(2).

D.  Weight of the Law and Evidence

Finally, plaintiffs request a new trial contending that the verdict was "against the greater weight of the credible evidence" and "against the law under the evidence." (Pltfs.' Mot.

---

[1]The matter was submitted to the jury on the theory of comparative fault in accordance with Mo. Rev. Stat. § 537.765, and not on the theory of contributory fault as averred by plaintiffs in the instant motion.

for New Trial, at p. 3.)  The burden of demonstrating that the verdict was against the weight of the evidence rests with the moving party.  <u>Ricketts v. City of Columbia, Mo.</u>, 856 F. Supp. 1337, 1347 (W.D. Mo. 1993) (citing <u>Comerio v. Beatrice Foods Co.</u>, 616 F. Supp. 1423, 1428 (E.D. Mo. 1985)), <u>aff'd</u>, 36 F.3d 775 (8th Cir. 1994).

Plaintiffs argue in a cursory manner that the evidence adduced at trial supports the legal conclusion that "a candleholder which holds a burning candle with a flame sufficient to set itself on fire and which catches fire is defective.  The holder should had [sic] been marked 'flammable' and was not."  (Pltfs.' Memo. in Supp. of Mot., Suppl. Pt. 4 at p. 1.)  Plaintiffs isolate individual pieces of testimony and evidence and rely upon them to support their argument that such evidence supports the legal conclusion stated above.  A review of the trial record <u>in</u> <u>toto</u>, however, shows there to have been conflicting evidence which required credibility determinations by the jury, and the jury resolved such conflicts against plaintiffs. See <u>Van Steenburgh v. Rival Co.</u>, 171 F.3d 1155, 1160 (8th Cir. 1999) (on motion for new trial, although court is entitled to judge credibility of witnesses, it may not usurp role of jury by granting new trial simply because it believes other inferences and conclusions are more reasonable); <u>see also</u> <u>Manus v. American Airlines, Inc.</u>, 314 F.3d 968, 974-75 (8th Cir. 2003) (review of entire record to

determine if evidence supports jury's verdict, rather than isolated synopses of testimony); McBryde v. Carey Lumber Co., 819 F.2d 185, 189 (8th Cir. 1987) (proper function of jury to consider conflicting testimony and resolve credibility question).  Upon review of the evidence and testimony adduced at the trial of this cause, the undersigned cannot conclude that the jury's verdict was not supported by the evidence or resulted in a miscarriage of justice.  In light of the evidence adduced, the jury's verdict was reasonable.

Plaintiffs have presented nothing to the Court to cause the Court to question the fairness of the trial and the reliability of the jury's verdict.  Nor have plaintiffs shown that the jury's verdict resulted in a miscarriage of justice.  Accordingly, plaintiffs' Motion for New Trial should be denied.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiffs William A. Kenley, Jr., and Gail L. Kenley's Motion for New Trial (Docket No. 79) is denied.

_____
UNITED STATES MAGISTRATE JUDGE

Dated this  _19th_  day of July, 2005.